IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ELIZABETH KAPARICH, <br><br> Plaintiff, <br><br> vs. <br><br> ETHICON, INC. and JOHNSON & JOHNSON, <br><br> Defendants. | CV 20–77–M–DWM <br><br> OPINION and ORDER |

In this products liability action, Elizabeth Kaparich is suing Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"), the makers of a pelvic mesh implant that she had surgically inserted to treat organ prolapse. Ethicon seeks to dismiss Kaparich's claims for design defect, manufacturing defect, negligent misrepresentation, fraud, breach of implied and express warranty, and violation of the Montana Consumer Protection Act. (Doc. 10.) Kaparich only contests the dismissal of her design defect and warranty claims. (Doc. 12 at 2.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a claim must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

1

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is appropriate, however, "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

## ANALYSIS

### I. Design Defect

Ethicon argues that the design defect claims must be dismissed for failure to allege a feasible alternative design. However, Montana allows design defect claims absent a feasible alternative. In *Rix v. General Motors Corp.*, the Supreme Court set forth a list of factors to consider in alternative design cases. 723 P.2d 195, 201–02 (Mont. 1986); *see also Krueger v. Gen. Motor Corp.*, 783 P.2d 1340, 1345 (Mont. 1989). But it "d[id] not rule upon the fact situation where a claim of design defect is made and where no alternative design is technologically feasible." *Rix*, 723 P.2d at 201. Later, the Court made clear that a feasible alternative is not an element of a prima facie design defect case:

> In both *Rix* and *Krueger*, we expressly limited the admissibility of evidence concerning alternative designs to situations where those designs existed at the time of manufacture. Furthermore, while we allowed the plaintiff to present this evidence in *Rix* and *Krueger*, we did not require it as a part of plaintiff's prima facie case.

2

*Sternhagen v. Dow Co.*, 935 P.2d 1139, 1146 (Mont. 1997). Because Montana law does not require Kaparich to allege a feasible alternative, Ethicon's motion to dismiss is denied on that ground.

## II.     Breach of Warranty

Ethicon argues that the breach of warranty claims must be dismissed for failure to provide the statutorily required pre-suit notice. Montana's version of the Uniform Commercial Code provides that "[w]here a tender has been accepted . . . the buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Mont. Code Ann. § 30-2-607(3)(a). Kaparich concedes that she did not give Ethicon notice of her breach of warranty claims before filing this action but argues that pre-suit notice was not or should not be required in this case.

As Kaparich notes, some states have dispensed with the pre-suit notice requirement in certain contexts. *See Horne v. Novartis Pharm. Corp.*, 541 F. Supp. 2d 768, 786 (W.D.N.C. 2008); Me. Rev. Stat. Ann. Tit. 11, § 2-607(7); S.C. Code Ann. § 36-2-607(3)(a). Montana has not. To the contrary, "*the buyer must plead and prove that he gave the seller notice of the breach.*" *Fire Supply & Serv., Inc. v. Chico Hot Springs*, 639 P.2d 1160, 1164 (Mont. 1982) (emphasis added); *see also Klinkenborg Aerial Spraying & Seeding Inc. v. Rotorcraft Dev't Corp.*, CV 12-202-M-DLC, 2014 WL 12726047, at *5 (D. Mont. Dec. 8, 2014) (treating the

3

notice requirement as a condition precedent that must be pled according to Rule 9(c) of the Federal Rules of Civil Procedure). Because Kaparich has not complied with § 30-2-607(3)(a), her breach of warranty claims are dismissed.

## CONCLUSION

IT IS ORDERED that Ethicon's partial motion to dismiss (Doc. 10) is GRANTED in PART. The manufacturing defect (Count III), negligent misrepresentation (Count V), breach of warranty (Counts VI, VII), consumer protection (Count VIII), and fraud (Count IX) claims are DISMISSED. The motion is DENIED in all other respects.

DATED this __18th__ day of August, 2020.

_____ 16:04 PM
Donald W. Molloy, District Judge
United States District Court